Belden v. Franklin.

# LATERAL SUPPORT.

[Summit (8th) Circuit Court, September 30, 1905.]

Marvin, Winch and Henry, JJ.

HANNAH E. BELDEN v. WALTER A. FRANKLIN ET AL.

1. RIGHT TO LATERAL SUPPORT IS A PROPERTY RIGHT WHICH CANNOT BE TAKEN AWAY BY STATUTE.

The right of the owner of realty to lateral support is not a mere easement but is property right, and if the effect of a statutory provision is to abrogate the common-law rule with reference to existing rights, such provision is unconstitutional and void, as being in contravention of Art. 1, Sec. 19, and Art. 2, Sec. 28 of the constitution.

2. COMMON-LAW RULE AS TO LATERAL SUPPORT ENLARGED BY REV. STAT. 2676 (LAN. 3966).

The effect of Rev. Stat. 2676 (Lan. 3966), relative to injuries caused by excavations, is to amplify the common-law rule as to lateral support, so as to create a liability for removing the lateral support of buildings, where an excavation goes more than nine feet below the street grade. It does not modify the common-law rule as to the lateral support of the soil itself.

[Syllabus approved by the court.]

APPEAL from Summit common pleas court.

**Musser, Kohler & Mottinger,** for plaintiff:

Statutes cited and construed. Rev. Stat. 2676, 2677, 4948 (Lan. 3966, 3967, 8463; B. 1536-976, 1536-977); 97 O. L. 323.

Lateral support. Cooley, Torts (2 ed.) 706; *Richardson* v. *Railway,* 25 Vt. 465 [60 Am. Dec. 283]; *Gilmore* v. *Driscoll,* 122 Mass. 199 [23 Am. Rep. 312]; *Wier's Appeals,* 81 Pa. St. 203; 12 Am. & Eng. Enc. Law 933; Tiedeman, Real Prop. Sec. 618, pp. 590, 591; *Elshoff* v. *Deremo,* 5 Dec. 119 (3 N. P. 273); *Hall* v. *Kleeman,* 6 Dec. 323 (4 N. P. 201); *Joyce* v. *Barron,* 67 Ohio St. 264 [65 N. E. Rep. 1001]; *Burgner* v. *Humphrey,* 41 Ohio St. 340; *Keating* v. *Cincinnati,* 38 Ohio St. 141.

Construction of statutes. Endlich, Interpretation of Statutes Sec. 127; *Thompson* v. *Weller,* 85 Ill. 197; *Tinsman* v. *Railway,* 26 N. J. Law 148 [69 Am. Dec. 565]; *People* v. *Palmer,* 109 N. Y. 110 [16 N. E. Rep. 529; 4 Am. St. Rep. 423]; *Howe* v. *Peckham,* 6 How. Pr. 229; *Heiskell* v. *Baltimore,* 65 Md. 125 [4 Atl. Rep. 116]; *Day* v. *Allender,* 22 Md. 511; *Dean* v. *Railway,* 119 N. Y. 540 [23 N. E. Rep. 1054]; 23 Am. & Eng. Enc. Law (1 ed.) 386; 1 Kent's Commentaries 464; *Bandfield* v. *Bandfield,* 117 Mich. 80 [75 N. W. Rep. 287; 40 L. R. A. 757; 72 Am. St. Rep. 550]; 7 Wright, Rem. & Pr. Sec. 3773, p. 5926; *Burnside* v. *Whitney,* 21 N. Y. 148; *Haggett* v. *Hurley,* 91 Me. 542 [40 Atl. Rep. 561]; *Krause* v. *Morgan,* 53 Ohio St. 26 [40 N. E. Rep. 886]; *Felix* v.

*Griffiths,* 56 Ohio St. 39; [45 N. E. Rep. 1092]; Sutherland, Stat. Constr. Secs. 139, 290, 291.

**Rogers, Rowley & Rockwell,** for defendants.

**WINCH, J.**

This case was heard upon appeal, and is an action in which plaintiff asks that defendants be enjoined from removing the lateral support from, or undermining, or entering upon, plaintiff's premises, or removing sand and gravel therefrom.

The case was tried upon an agreed statement of facts, from which it appears that the parties own adjoining unimproved lots on North Howard street, in the city of Akron, near the top of North Hill, which are elevated high above the grade of Howard street; that for several years just prior to the filing of the petition herein, defendants were operating a sand and gravel bank or pit upon their own property, and in so operating said bank just prior to the commencement of this action and afterwards up until the filing of the amended and supplemental petition, defendants so removed the lateral support from, and undermined a large portion of plaintiff's property, that they caused plaintiff's land for some distance above the established grade of North Howard street and to a distance substantially more than nine feet below said established grade, to slip and slide from plaintiff's land upon defendant's land. It also appears that both proprietors trace their titles to a common owner, who divided and sold the lots separately in 1863, and that they have continued as separate and distinct estates ever since.

Under these facts plaintiff claims that defendants have no right to remove sand or gravel from their own premises in such manner as will cause the sand and gravel upon plaintiff's premises to slide or slip upon the lands of defendants.

Defendants, on the contrary, claim that by virtue of Rev. Stat. 2676, 2677 (Lan. 3966, 3967; B. 1536-976, 1536-977), they have a right to excavate to a depth of nine feet below the established grade of Howard street, upon which the lots abut, or at least to the grade level of Howard street.

The doctrine of lateral support is thus stated by Cooley, Torts (2 ed.) 706:

"Incident to the ownership of land is the right to lateral support by the land which adjoins it. This exists independent of contract, and to remove it, or to do anything which endangers it is to commit a nuisance. Whoever in the course of improvements on his own lands may

Belden v. Franklin.

have occasion to make excavations which endanger the land of his neighbor, must supply walls or other sufficient substitutes for the support which he removes. But his obligation is limited to the support of the land in its natural condition; and if the neighbor's land shall be weighted with buildings or other burdens, the owner of the servient tenement, in removing lateral support, can be held responsible only for such consequences as would have followed if the land had not been thus weighted.''

This common law rule has never been abrogated in Ohio, as will be seen by the following quotation from the opinion of Judge Spear, on page 270, of the case of *Joyce* v. *Barron*, 67 Ohio St. 264 [65 N. E. Rep. 1001].

''The right of lateral support is held to be, not a mere easement, but as part of the owner's property in the land. It is regarded as a right of property which necessarily and naturally attaches to the soil, and passes with it. As stated by Dickman, J., in *Burgner* v. *Humphrey*, 41 Ohio St. 340: 'According to the doctrine held by the courts, as summarized by an approved text writer [Wood's Law of Nuisance] the right which the surface has to support, is a part of the freehold and not an easement.' That the right exists as against municipal corporations as well as individuals is distinctly recognized in *Keating* v. *Cincinnati*, 38 Ohio St. 141, where White, J., remarks: 'In this state private property is entitled to the same protection against all classes of corporations as against natural persons, subject to the right of appropriating such property to public use upon the terms of making full compensation,' and, applying the principle, the court sustained a judgment awarding compensation to the plaintiff because the city, in making a street along a hillside, so excavated the ground in the street as to cause the land above to slide and injure his lot.''

But defendants claim that this rule has been modified by the statutes referred to, which read as follows: Revised Statutes 2676 (Lan. 3966). ''If the owner or possessor of any lot or land, in any city or village, digs, or causes to be dug, any cellar, pit, vault, or excavation, to a greater depth than nine feet below the curb of the street or streets on which such lot or land abuts, or, if there be no curb, * * * below the surface of the adjoining lots, and by such excavation, causes any damage to any wall, house, or other building upon the lots adjoining thereto, such owner or possessor shall be liable, in a civil action, to the party injured, to the full amount of the damage aforesaid.

Revised Statutes 2677 (Lan. 3967). ''Such owner or possessor may dig, or cause to be dug, any such cellar, pit or excavation, to the full

depth of any foundation wall or any building upon the adjoining lot or lots, or to the full depth of nine feet below the established grade of the street or streets whereon such lot abuts, without reference to the depth of adjoining foundation walls, without incurring the liability prescribed in this chapter, and may, on thirty days' notice to adjoining owners, grade and improve the surface of any lot to correspond with the established grade of the street, streets or alley, upon which such lot or land abuts, without incurring liability.''

We are of the opinion, however, that by Rev. Stat. 2676 (Lan. 3966) the rule has been amplified, and not modified, and that the statute creates a liability for removing the lateral support of buildings, where the excavation goes more than nine feet below the street grade, which liability did not exist before.

Revised Statutes 2677 (Lan. 3967), until 1894, did not have in it the last clause, which reads, ''and may, on thirty days' notice to adjoining owners, grade and improve the surface of any lot to correspond with the established grade of the street, streets or alley, upon which such lot abuts without incurring liability.''

Defendants claim that this clause has destroyed the right to lateral support of land which rises above the grade of streets in cities and villages. If so, under the case of *Joyce* v. *Barron*, above quoted, it has taken away a property right. That it has not removed the city's duty to furnish lateral support to abutting lots is apparent from the same case; for, if so construed, it would be contrary to the provisions of Sec. 19, Art. 1 of the constitution, which provides that private property shall ever be held inviolate, and shall not be taken for public use without compensation. The power of the legislature to enact a law abrogating the common law rule of lateral support, in other words, to say, ''private ownership of property rights known as lateral support, is hereby abolished,'' need not be argued, but if it were sought to extend the operation of such law to existing estates and rights, we apprehend it would be considered retroactive and inhibited by Sec. 28, Art. 2 of the constitution.

And so here, plaintiff's right to lateral support, antidates the enactment of the amendment of 1894, and we hold that said statute in no way relieves defendants from protecting her lands from caving into their excavation, and the prayer of the petition is granted.

**Winch** and **Henry, JJ.,** concur.